he does not have a prior conviction for a crime of violence. While the district court below and the PSR was relying on the sexual penetration offense the government has changed course and now is arguing kidnapping so that's going to be the focus of my argument today. Specifically New Mexico's kidnapping statute does not constitute generic kidnapping because it does not have a nefarious purpose as that term is commonly understood and because it does not require a substantial interference with the person's liberty. Can we back up a minute? This is all goes to a guidelines decision, right? Correct. The district court didn't rely on this crime. No. If we, are there cases, it just seems really strange to me given that we now have non-mandatory guidelines to be getting into this level of detail about exactly how the guidelines apply. Because if he were to decide that this isn't a crime of violence for purpose of the guidelines, he could turn around five minutes later and say, but I know what he actually did and I'm going to increase the sentence the same amount anyway, right? Theoretically, Judge Hoppe, she could have. The problem here is, first of all, under CARDI, it says when there is a misapplication of the guidelines that you still reverse because the district court needs to have that opportunity. Here, I think there's a Are there, I mean, this may be silly, but are there in fact post-Booker cases applying the whole Taylor repertory to guidelines? Yes, constantly. And it's even, there's en banc cases even To guidelines? To guidelines. I'm not sure I'm sure. U.S. v. Vidal. I'm not sure. I mean, certainly Who are? Vidal. V-I-D-A-L-R-R. That was a guidelines case? Guidelines case. Okay. All right, go ahead. But New Mexico's kidnapping, well, I've already said that there's two elements basically missing, a nefarious purpose and a substantial interference with an individual's liberty. In Gonzales-Perez, this court held that the generic definition of kidnapping encompasses at a minimum a nefarious purpose, motivating the restriction of a person's, victim's liberty. And they cited the model penal code, and the model penal code basically defined the nefarious purpose as to hold for ransom or reward or as a shield or hostage to facilitate the commission of any felony or flight, to inflict bodily injury, or to interfere with the performance of governmental or political function. Hold for service also is encompassed in that, wouldn't you say? No, absolutely not. Holding for service is not? No, in fact, the model penal code. A nefarious purpose? Oh, a nefarious purpose, yes. But not hold for service. Hold for service in the model penal code, they specifically said hold for service is not kidnapping. And the model penal code made that specific distinction and said hold for service should be more of felonious restraint, not kidnapping. So the model penal code could specifically. Well, that's what the model penal code says. There are two elements, right? The restriction on liberty and a nefarious purpose. Correct. Where is there no nefarious purpose? What are you getting at when you're saying that you don't have a nefarious purpose? Well, what I'm getting at with nefarious purpose is that purpose has to be substantially nefarious. And the model penal code set it out. And that's. Why is involuntary servitude essentially, I mean, hold for service, I gather, means make somebody work and not pay them. Unfortunately, well. Or create or provide a benefit with no consideration or something to that effect. Well, in New Mexico, it's not interpreted that way. It's in New Mexico, held for service, and this is from State v. Ortega, means for the purpose of assisting or benefiting someone or something. And they've applied that to if you detain someone for a love interest, meaning so they won't see another person or they won't. Wait a minute. Even that is a nefarious purpose. You have the question of taking a child to school against their will. Is that? There was something in the papers about that. You know, that's not a nefarious purpose. Well, the problem with it is it's not the nefarious purpose is criminalized throughout the United States, meaning New Mexico is in a far minority of holding this involuntary servitude or held for service as the purpose of a kidnapping. Kidnapping is supposed to be a more nefarious purpose, meaning. Well, you mean they're gradations of nefarious. Is that what you're getting at? Correct. And this doesn't meet the how it would be criminalized in most States across the country. And the thing is you don't have a problem. It's force or coercion, so it doesn't have to be force. But that doesn't matter because kidnapping is in the Federal statute. So the fact that it might not otherwise be a crime of violence doesn't matter, right? I'm not sure I understand. In other words, the statute doesn't say you don't have to use force. You can use force or coercion. Correct. Deception even. I'm sorry? In New Mexico, you can use deception. But I gather that you're not attacking that as a problem because although one might not think that was violence, the Federal statute uses the term kidnapping. Correct. So it's only this nefarious purpose problem. No. It's also substantial interference with someone's liberty, meaning under the Model Penal Code and how most jurisdictions treat it, you have to have a substantial deprivation of the person's liberty, meaning take them across State lines, hide them in a secluded place, something like that, that's required in the Model Penal Code and most States. But what do you mean by most States? We're looking at the New Mexico Code here, and you're saying for some reason that the kidnapping we're talking about is not a generic kidnapping for purposes of the sentencing guideline. Correct. Because I'm talking about most States because that's the generic definition of kidnapping. Because this is a common law offense, you look how kidnapping is interpreted in most States. And in most States So deception is no good, is that what you're saying, to constitute a nefarious purpose? I'm saying in most States, you need to have more than help or service, and you need to have a substantial deprivation of liberty. And in New Mexico, as far as the substantial deprivation, at the moment you take or restrain, the crime of kidnapping is complete. You don't have to do something more. And so, basically, if you sort through this, kidnapping, unfortunately, is broadly defined in many different States. But there's two common themes. The major or around half, the ground half, require both nefarious purpose and substantial deprivation of liberty. Some then will say you So you're saying the New Mexico statute doesn't cover that? Correct. It does not. Absolutely does not. And specific But there was more than that. Pardon me? My thought, your point was that the New Mexico statute covers more than that. New Mexico New Mexico Let me change. What's criminalized in New Mexico, meaning health for service and that any restraint would be required Would be broader than a nefarious purpose. Correct. Okay. So it's not that it doesn't cover it. It's that it covers more than that. Correct. And the point I'm trying to make is Well, give me an instance of where it's, how it's broader. I mean, they say that it's unlawful taking or restraining or confining by force or deception. That's not, that doesn't encompass generic definition? No. Because the generic definition requires a nefarious purpose and a substantial deprivation of liberty, meaning a substantial restriction, restraining. And that's the definition. I've looked at all the, there's long footnotes of state codes in Lafarge and in the Fifth Circuit case of Gonzalez-Ramirez. I've looked at all those codes cited and basically, if you did the acts that were charged here, health for service and no requirement of substantial deprivation, it would only be a crime of kidnapping in 10 to 15 states, depending on how those states define the term health for service or involuntary servitude. And since that's such a small minority, that makes the New Mexico statute overbroad. Unless there's questions. What exactly was the kidnapping here? You don't look to the underlying. I understand that, but you said if you took what actually happened here. No, if you took the elements of the New Mexico statute, meaning the element of health for service and no element of substantial deprivation, of substantial restriction on liberty. Thank you, Your Honor. Thank you. Our time is almost up, but we'll give you a minute or two to respond. May it please the Court, my name is Andrew Shopler for the United States. The facts here are egregious, but the streets are not. I mean, it doesn't matter at all that the district court relied on something completely different, and you originally argued something completely different. And now we're pulling in a statute that the district court did not rely on. I mean, essentially, you're conceding by not relying on that the basis on which the district court found that this was a crime of violence is wrong. That's correct, Your Honor. Okay. So why are we doing anything? Why don't we just send it back for resentencing? He was wrong. And you can start again. Well, let me be clear.  And under the Guidelines, he's supposed to determine whether or not what the Guidelines sentence is, right? It's sort of an exercise in having the district judge decide it, because it's not binding anyway. He decided it wrong, what he said was wrong. Why don't we just start over again? Well, first of all, I don't think it's clear that – it's entirely clear from the record that she relied solely on the rape conviction. There are several points in the record where she refers to the rape and kidnapping. So I think that's true, but I think that I did argue that it's harmless because Let me just put Judge Berzon's question differently. Why do you really care if the district judge gets a chance to do it right and rely on what you believe to be the right ground? Because I think the precedent here is important, which is Well, we don't have to get a precedent. We've been doing memorandum dispositions in 80 percent of our cases. I think If the issue is that the district court relied on a particular offense that you're now abandoning, and so that you give her a chance to do it to rely on the offense you think to be the correct one, what's the big deal? The big deal is that both of them qualify as a plus 16, and the defendant already got a low-end sentence with that plus 16. So if this Court finds as a matter of law that the kidnapping alone qualifies as a plus 16, I think under this Court's precedent, there's absolutely no chance that the defendant would receive a better result. Well, you're not worried about the defendant getting a better result. That's his problem. I mean, we've got other cases where we wonder why the people are here, because they got a very good deal, and they want to go back where they may get a worse deal. But, you know, that's not your problem, and it's not our problem. That's up to them. You could go back and convince the district judge, I assume, that she should have relied on kidnapping, and that the guidelines are not binding, it's only the first step. Maybe you'll get a better sentence from their standpoint. I don't know whether you can or whether that would be considered, whatever it is, something malicious prosecution. But you can certainly make the argument, and the district judge can consider it before we do. I'm just curious why, what Ms. Berzan suggested, that we could just remand without reaching any legal questions. Well, the legal, the law is that this Court can affirm the district court's judgments on the guidelines. No, I know we can. Okay. I'm just trying to ask a common-sense question, not what we can do, but okay, go ahead. I guess the quick answer, from a common-sense point of view, is simply saving resources. But I'm not even sure, given the current guidelines regime, that the ordinary rule makes sense, because, really, the guidelines regime and the procedural steps are really for the, essentially, benefit of the district judge in thinking through the sentence, right? And she thought it through wrong here. She was wrong. So it's not – if we say she could have relied on something, she could have done something else. I understand this is a legal question, but it's – we make people go through it for a reason, and she didn't go through it right. I think she'd be one of – if you're worried about saving judicial resources, you might think about us. Because, I mean, we're now in a position where we're deciding something in the first instance. Your brief, original brief, didn't even discuss it. Mine did. I mean, yours did, his didn't, for good reason. He certainly had a good reason not to discuss it. You then come out of left field with something no one's ever – I'm not saying this was wrong, but, you know, then he – I mean, you've both done a very nice job with it, but it's a truncated procedure at this point. Well, I think you really wanted to issue an opinion on your issue of kidnapping. And to say that the kidnapping statute in New Mexico doesn't qualify as generic kidnapping, it's overbroad. Is that what you'd like us to do? No, I would like an opinion saying that the kidnapping statute does qualify as a generic kidnapping. You have at least as good a chance of getting one that says it doesn't. I guess I think that it clearly does qualify as generic kidnapping. And with the Court's indulgence, I think looking at the continuum of cases here, this New Mexico statute falls on the most restrictive side of cases in the nation. Just if you survey the jurisdictions that would survive this Court's Taylor analysis based on the minimum definition of kidnapping, 16 jurisdictions have no specific purpose requirement. And those 16 jurisdictions include three of the most populous states in the nation. But we've already decided that point, right? The Ninth Circuit has already decided that you do have to have a nefarious purpose. That's correct. So we're just down to what's a nefarious purpose? I'm sorry? So we're just down to what's a nefarious purpose and also this question about a limitation of liberty. What about that requirement? Certainly. I think that this Court, sort of what I was driving at is I think that we have to define nefarious purpose liberally because there are so few jurisdictions that require a nefarious purpose or any specified purpose for the lowest rate of kidnapping. As the Fifth Circuit has pointed out, there are 16 jurisdictions that have no specific purpose requirement, and there are 12 jurisdictions that have no such requirement for the lowest rate of kidnapping, for a total of 28 jurisdictions. Well, whatever they are, we've said it requires a nefarious purpose. And since now New Mexico is among the 22 states that do have a specified purpose requirement, I believe it should be defined liberally because obviously We didn't say you have to have a purpose. We said you have to have a nefarious purpose. That's correct. Among the nefarious purposes identified in the model penal code, for example, is disrupting a government function. I think holding someone for service against their will is at least as nefarious as disrupting a government function. Is one of the most offensive things that can be done? I think that, well, first of all, you have to understand the way that New Mexico defines it. Under their pattern jury instructions, this is what they read to the jury, they explain that hold for service includes holding for sexual purposes. That's in the main what they're talking about, and that's what happened in this case. The defendant kidnapped a woman he did not know and took her to a remote location where he viciously raped her. That's in the main. You're not arguing that this comes under the modified categorical approach. Well. If you had that in the charge and he pledged to that, then you'd be fine. Yes. I mean, I think this case rises and falls with the first line Taylor category. For one thing, the indictment was actually foreheld for service. That's correct. That's correct. And I think what they meant at that time, you have to understand this is a 1994 version of the statute. In the main, the ordinary case, and that's what this court is supposed to focus on, is the ordinary case involved for sexual purposes. And that's their jury instruction. I mean, governmental function could be holding on to the postman so he doesn't deliver a letter to someone you don't want to get to the letter. I mean, it could be very, but you have to think of it in the ordinary case, not any sort of unusual exception. What about the substantial deprivation of liberty suggestion? I gather in this case, in fact, the statute just requires that you take somebody for even a very short time, right? Right. Well, the New Mexico statute requires the confining or removing, and it requires by force or fraud, or force or deception, which is actually more restrictive than the model penal code in a lot of other states because it has no exception for minors or mental incompetence. So that's a very strict requirement. It also has these delineated purposes. But if you grab somebody and, but they immediately escape, it doesn't count. It still counts. Well, if it's for one of those specified purposes. You never accomplish a purpose, and in fact, the person is detained for a minute. That could probably qualify. So. But I'm not, I could get the court cases perhaps interpreting that. So what do we know about what other states do with that? This is why I'm very uncomfortable proceeding at this point. What do we know about that? Well, and I'm happy to submit a 28-day letter surveying the cases, and I personally have looked at them. As I said, you have 28 jurisdictions that don't have this requirement whatsoever. Which requirement? The requirement that the Ninth Circuit requires. What about the substantial deprivation of liberty requirement? If you then, of the remaining 22 jurisdictions that would qualify under the Ninth Circuit and have substantial interference, you're left with only a handful that would qualify as generic kidnapping. Well, even a brief grabbing of a person, it has to be in New Mexico with some intent. Some intent has to be proved. That's fair. Either held for ransom or hostage taking or against the will. So. I, I, very anecdotally, I had always understood kidnapping to at least require some movement from one place to another place. Is that not right? Well, no, there, most of the statutes require either removal or confinement. And there are only a few, for example, the last definition is asportation, requires a movement. And the Maryland statute that's discussed is just asportation. All of the other one, the Colorado statute, most of them, though, are confinement or removal. But, but I still don't understand what you're saying about the substantial deprivation of liberty. I'm looking at that as an independent requirement, not, I mean, nothing to do with nefarious purpose. That's my understanding of the argument. And the question is, is, is, and that's not in the New Mexico statute. And you could certainly be convicted under the New Mexico statute, as we said, for a very short. I think there are, at most, ten jurisdictions, perhaps less, that require substantial interference. I see. So, I, I don't think that that is, if, if that is an element that the court were to read into kidnapping, I think it would eviscerate it as an enumerated offense. And, and the, well, certainly, that's certainly what people generally are thinking of with kidnapping. They're generally not thinking of snatching somebody who immediately escapes and calling that kidnapping. Well, and I think as the Supreme Court has instructed, the court in applying Taylor needs to look at the ordinary case, not extreme hypotheticals that, that may yield a different result. And I think in the ordinary case, this is the sort of case that is in the main. Somebody is actually taken off the street, removed to another place for the purpose of, of a rape. So, looking at, at these statutes, I think the two, the two most broad statutes are the South Carolina and Colorado statutes, which just require removal or confinement. Many of the other statutes that have been discussed in these cases require one or more aggravating factors. The Maryland and Blacks definition require one aggravating factor, that it be done by force or fraud. The New York and Texas statutes require force or fraud and substantial interference. Florida statute requires, does not require substantial interference, but it requires a specified purpose. And it doesn't even require force or fraud, it can simply be done in secret. So, generally the statutes require the removal or confinement, which is the core of a kidnapping. And then one other aggravating factor, the New Mexico statute has, I would say, two and a half aggravating factors. It does require force or fraud. It does require a specified purpose. And it also holds out the possibility of being, of involuntary servitude, or being held to service. Which is something that was discussed by the Fifth Circuit in the Tennessee statute. The Fifth Circuit said, didn't it, that you have to have substantial interference? The Fifth Circuit did not say that that was required. The Fifth Circuit said that the minimum, that first of all, the Fifth Circuit implied that the Blacks law definition might qualify. Which is simply aspiratation and force or fraud. That's a very minimalist. And the government said in that case, well, this Tennessee statute meets the Blacks definition. And they said, no, no, no. Force or fraud is not an explicit requirement. And therefore, this doesn't qualify. I'm talking about the Colorado statute now, which was at issue in there. So, it had, what the Fifth Circuit said is that it needs to have that core of confinement or removal, and then an aggravating factor of some sort. I think force or fraud qualifies as something. And the purpose here, under the model penal code and elsewhere, is to distinguish these forms of confinement and removal to get rid of the most trivial forms of restraint. And that was what the Fifth Circuit's reasoning was based on. You want to have at least one aggravating factor which can distinguish this from false imprisonment, say. Now, in New Mexico, they have a false imprisonment statute, but this is the most extreme form of removal and confinement. This is the top type of kidnapping. So, I think if you look at it in terms of that core of confinement and aggravating factor, you see that the New Mexico statute is at the far end of the continuum on the side closest to the Tennessee statute, the Florida statute, things of that nature, where you have several different ways of distinguishing it from false imprisonment. You have both by force or fraud, you have the specified purposes. And I think if the court becomes too, gets too hair-splitting about how it defines what a nefarious purpose is when the legislature sets out these purposes, it's going to end up disqualifying almost all of these statutes, because there are statutes out there that list eight or ten specified purposes, and some of them can be rather mundane. Well, what would be a non- we already have our case law saying you have to have a nefarious purpose. What's a non-nefarious purpose? I think the legislature, by listing the specified purposes, implying that they're nefarious. But I think some of the more mundane ones that I've seen are that it had to be for the purpose of depriving the person of liberty, which I think is so self-evident that it almost doesn't need to be an intent. There's moving out of State is considered one of the specified purposes, and that's not a model penal code specified purpose. There are a number, these statutes have many, many specified purposes that are not included in the model penal code. So if we- Does that mean they're not nefarious? No, I don't, I'm saying, I think that's his argument. His argument is if they're outside- Dr. Grisham's question is, what purpose specified in a statute is not nefarious? What purpose covered by a statute? I think- A kidnapping statute is not nefarious. Well, perhaps the mere intent to deprive the person of liberty- But that's just circular, because the whole statute- I think, yeah, I think they're circular. And some of the statutes have that as one of the listed purposes. And I guess those, under this argument, would be disqualified if that's the requirement that it has. So I think that the wiser course is that if the legislature has set forth those purposes, those are nefarious. Okay. I think we've given you double the time. I appreciate the Court's indulgence. Thank you very much. So what about my question about why are we, why don't we just say the government has conceded that the calculation was done on the wrong basis and sent it back? I certainly think the Court can do that. I mean, you can avoid the whole kidnapping question. I mean, personally, as far as my client, I'd rather you get to and hold that kidnapping also does not equate to violence. So if we did that, how do we decide? I mean, here we have a statute which listed four purposes or three purposes. And why isn't it nefarious? I mean, obviously, the legislature thought it was, out of the whole world of things that it chose to make into kidnapping, it thought this was one of the bad things it wanted to include. And even on the least, least bad end of that, you're still doing something that is to the detriment of somebody else. And why is it nefarious? I think in some sense you're correct. It is nefarious. The problem is, with kidnapping statutes, when they do specify, and most do specify a purpose, that this particular purpose, held for service, in particularly the broad way that New Mexico has interpreted it. Well, I don't think held for service just in general is nefarious. Well, that's all it means. I mean, New Mexico may have pushed the envelope in the way it's interpreting  And then if they are, then it's not categorically a crime of violence, because that purpose in New Mexico would not constitute a crime in most of the jurisdictions throughout the United States. That's the definition of being overbroad. But so what you're saying is that you want us to look not only at the general concept of nefarious purpose, but you want us to compare the statutes purpose by purpose, essentially, sub-purpose by sub-purpose. Correct. I mean, what I'm trying to say is there is a consensus of what nefarious purpose means in the states that include one. And this is not what's generally included. This nefarious purpose, this held for service, is generally criminalized as felonious restraint or false imprisonment, which is not kidnapping. It's the Fifth Circuit right, by the way. I mean, just, I understand our laws otherwise. But the Fifth Circuit claims that if you really look at these statutes, that the majority of them don't have a nefarious purpose requirement for kidnapping as opposed to some category of kidnapping. I take some issue with the numbers of states that the Fifth Circuit held. All right. But let's just say it's close, right? It is close. And then we start, if you start then further parsing it to say, well, then amongst the half of the states that do have some purpose, you start looking purpose by purpose and say, well, unless a majority of them have a particular purpose, well, a majority of them is never going to have a particular purpose just about because we're already at somewhere less than or close to a majority. So you're cutting things awfully fine at that point. Well, that's why I think you should combine the two elements, meaning nefarious purpose and substantial deprivation. Because if you look at those together, of the statutes that limit the nefarious purpose to just help for service, all of the or I think it goes down to like five that don't have specifically in the statute substantial deprivation of liberty. So it's kind of a continuum that the state statutes are doing. They're saying, you know, two of the main harms of kidnapping are you're doing this for a really bad reason or you're seriously depriving the person of their liberty. Model penal code combines both. But states do it differently. Some concentrate on the nefarious purpose. Some concentrate on the substantial deprivation. So if you add these together, when you lower the nefarious purpose to help for service, most of those statutes are raising specifically in the statute the substantial interference. And I also dispute that substantial interference. Kagan. Your argument isn't that you need both, but that you need one or the other. You at least need one of the really bad ones or substantial interference. And, again, when you don't, when you have this specific help for service and no substantial interference, it would only be a crime in about 10 to 15 states across the nation. And that doesn't meet the generic definition. All right. Thank you. The case just argued will be submitted. Next case is Heath versus California.
judges: Reinhardt, Berzon, Miner